ELISA M. MARTINEZ (SBN 106274)
Elisa.Martinez@disney.com
700 W. BALL ROAD
P.O. BOX 3232
ANAHEIM, CALIFORNIA 92803

TELEPHONE: (714) 781-3579
FACSIMILE: (714) 781-1212

Attorney for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA GALLIAZZO and LOUIS GALLIAZZO,<br><br>Plaintiffs,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.; DOE 1, DOE 2, DOE 3, DOE 4, DOE 5, DOE 6, and DOES 7 through 50,<br><br>Defendants. | Case No.<br><br>[ORIGINALLY FILED IN ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2016-00843262-CU-PO-CJC]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY JURISDICTION)**<br><br>Action Filed: March 29, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), removes to this Court the state action described below based on the facts and evidence described herein.

I. **BACKGROUND**

1. On March 29, 2015, an action was commenced in the Superior Court of the State of California in and for the County of Orange, entitled *Pamela Galliazzo and Louis Galliazzo v. Walt Disney Parks And Resorts U.S., Inc.; DOE 1, DOE 2, DOE 3, DOE 4, DOE 5, DOE 6, DOES 7 through 50*, Case No. 30-2016-

1  00843262-CU-PO-CJC (the "Action"). *See* Summons and Complaint, a true and correct copy of which is attached to the concurrently filed Declaration of Elisa M. Martinez ("Martinez Decl.") as "Exhibit 1"; and Answer to Complaint, a true and correct copy of which is attached to the Martinez Declaration as "Exhibit 2."

2. Plaintiffs Pamela Galliazzo and Louis Galliazzo (collectively "Plaintiffs") allege that Pamela Galliazzo sustained personal injuries while she was attempting to exit from a ride vehicle at the Haunted Mansion Attraction at the Disneyland Resort ("the Resort") on October 8, 2014. *See* Ex. 1, ¶ 13. Plaintiff Pamela Galliazzo alleges that she sustained a serious injury to her shoulder that required surgery.

3. Plaintiffs' lawsuit asserts four causes of action for (a) Premises Liability, (b) Negligence, (c) Loss of Consortium and (d) Negligent Infliction of Emotional Distress. *See* Martinez Decl., Ex. 1, ¶¶ 26-36.

4. Plaintiffs named Walt Disney Parks and Resorts U.S., Inc. ("WDPR") as the only Defendant and, further, WDPR is the only Defendant that has been served (on May 19, 2016) with the summons and complaint in this Action. *See* Martinez Decl., Ex. 1, ¶ 1.

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and it is an action that may be removed to this Court by WDPR pursuant to the provisions of 28 U.S.C. §§ 1441 *et seq.*, because it is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II. AMOUNT IN CONTROVERSY

6. As a result of the Incident, Pamela Galliazzo seeks general damages, medical and related expenses, loss of earnings, and damages resulting from her alleged impaired earning capacity. Louis Galliazzo seeks general damages and other and further relief as the Court deems proper. Plaintiffs did not specifically plead the amount in controversy in the Complaint. However, on February 29, 2016,

Plaintiffs' counsel, Barry Novack, sent a confidential settlement demand letter to Annalise Stratton (a WDPR Guest Claims Administrator who investigates injury claims brought by Disneyland Resort guests) proposing a settlement in an amount exceeding $75,000 by several multiples. Martinez Decl., ¶ 6. Thus, pursuant to the Federal Rules of Civil Procedure as construed by Ninth Circuit precedent, WDPR is in receipt of "a paper from which it may first be ascertained" that the amount in controversy exceeds $75,000. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("We have no doubt that [the defendant] could have ascertained, upon receiving the [settlement demand] letter, that the case was removable."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) ("A settlement letter is . . . sufficient to establish the amount in controversy."); 28 U.S.C. § 1446(b)(3).

### III.  DIVERSITY

7.  The Complaint is silent on Plaintiffs' citizenship or domicile, but Plaintiffs' Annual Pass holder information and an Accurint Report provided by Lexis Nexis indicate that Plaintiffs Pamela and Louis Galliazzo are and were at all times mentioned in the Complaint and at the time of the filing of this Action, citizens of the State of California. True and correct copies of these documents are attached to the Martinez Decl. as Exhibit "3 and "4". Thus, pursuant to Ninth Circuit precedent, WDPR is entitled to remove this Action. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124–26 (9th Cir. 2013) (a defendant may remove on the basis of its own investigation even if neither of the statutory grants of removal in section 1446(b) have been triggered); *see also Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 80 n. 12 (1st Cir. Mass. 2014) (same); *Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 146–48 (2d Cir. 2014) (same); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825–26 (7th Cir. 2013) (same).

8.  WDPR was at the time of the filing of this Action, and still is, a Florida corporation with its principal place of business in the United States located

3

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER
28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY JURISDICTION)
BN 20970602v1

at 1375 Buena Vista Drive, Lake Buena Vista, Florida, 32830, where its corporate headquarters and principal executive offices are located. WDPR's principal business office in California is located at 1313 South Harbor Blvd., Anaheim, California 92802. *See* concurrently filed Declaration of Marsha Reed ("Reed Decl."), ¶¶ 3 and supporting Exhibit "A" attached thereto.

9. Because Plaintiffs and WDPR are citizens of different States and WDPR is not a citizen of California, there is diversity of citizenship in this action, and it is properly removed.

## IV. PROCEDURAL STATEMENT.

10. This Notice of Removal has been filed within thirty (30) days of Plaintiffs' service of the Complaint May 19, 2016, the initial pleading setting forth Plaintiff's claims for relief. Accordingly, this Notice of Removal is timely. 28 U.S.C. § 1446.

DATED: June 17, 2016

By: _____
Elisa Martinez, Esq.

4

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612-0514.

On the date set forth below, I served the foregoing document described as:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1132, 1441, 1446 (DIVERSITY JURISDICTION)**

on all other parties and/or their attorney(s) of record to this action by ☐ faxing and/or ☒ placing a true copy thereof in a sealed envelope as follows:

Barry B. Novack, Esq.
Law Offices of Barry Novack
8383 Wilshire Blvd., Suite 830
Beverly Hills, CA 90211

☒ **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Irvine, California on June 17, 2016. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☐ **BY FACSIMILE AND MAIL**   I caused the above-named document(s) to be sent via facsimile transmission to the law office(s) and facsimile number(s) stated above. The transmission was reported as complete and without error. A copy of the transmission report(s) properly issued by one or more of Buchalter, Nemer's Xerox 745 WorkCenter facsimile machine(s) [telephone number(s): (949) 720-0182 is(are) made a part of this proof of service pursuant to CRC §2.306. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The correspondence will be deposited in an envelope with the United States Postal Service this day in the ordinary course of business for mailing to the address(es) shown above. The envelope was sealed and placed for collection and mailing with the United States Postal Service at Buchalter Nemer in Irvine, California on June 17, 2016 following ordinary business practices.

☐ **BY OVERNIGHT DELIVERY**   On June 17, 2016, I placed the FedEx/GSO package for overnight delivery in a box or location regularly maintained by FederalEx/Overnite Express at my office, or I delivered the package to an authorized courier or driver authorized by FedEx/GSO to receive documents. The package was placed in a sealed envelope or package designated by FedEx/GSO with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, as last given by that person on any document filed in the cause; otherwise at that party's place of residence.

☐ **BY PERSONAL DELIVERY**   On June 17, 2016, I placed the above-referenced envelope or package in a box or location regularly maintained at my office for our

1  messenger/courier service or I delivered the envelope or package to a courier or driver authorized
2  by our messenger/courier service to receive documents. The package was placed in a sealed
   envelope or package designated by our messenger/courier service with delivery fees paid or
3  provided for, addressed to the person(s) on whom it is to be personally served at the address(es)
   shown above as last given by that person on any document filed in the cause. The
   messenger/courier service was provided with instructions that the envelope or package be
4  personally served on the addressee(s) by same day delivery (C.C.P. §1011).

5  ☐   **BY EMAIL**  On June 17, 2016, I caused the above-referenced document(s) to be sent in
   electronic PDF format as an attachment to an email addressed to the person(s) on whom such
6  document(s) is/are to be served at the email address(es) shown above, as last given by that
   person(s) or as obtained from an internet website(s) relating to such person(s), and I did not
7  receive an email response upon sending such email indicating that such email was not delivered.

8
   ☑   I declare under penalty of perjury under the laws of the State of California that the
9
   foregoing is true and correct to the best of my knowledge. Executed on June 17, 2016, at Irvine,
10
   California.
11 ☑   I declare that I am employed in the office of a member of the bar of this court at whose
   direction the service was made. Executed on June 17, 2016, at Irvine, California.
12
13     _____           _____
              Karen Hurdle                          (Signature)
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2